**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JOSE REYES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:15-cv-00086-RL-SLC |
| | ) | |
| OUTDOOR DETAIL, | ) | |
|     Defendant. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. In accordance with Fed. R. Civ. P. 26(f), a telephone meeting was held on May 19, 2015 and the Report of Parties' Planning Meeting has been reviewed by the parties and agreed to by:

Christopher C. Myers for Plaintiff, Jose Reyes; and

Eric M. Wilkins for Defendant, Outdoor Detail.

2. <u>PRE-DISCOVERY DISCLOSURES</u>: The parties will exchange by *June 19, 2015* the information required by Fed. R. Civ. P. 26(a)(1).

3. <u>DISCOVERY PLAN</u>: The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

a. Plaintiff's allegations as alleged in his Complaint.

b. Defendant's denials and affirmative defenses to Plaintiff's allegations; and

c. The extent, nature, severity and amount of Plaintiff's damages, if any, and whether Plaintiff mitigated his damages.

The parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"):

a. Disclosure or production of ESI will be limited to data that is reasonably available/accessible to the parties in the ordinary course of business.

b. Under Rule 26(b)(5)(B), the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any

   claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material within a reasonable time, and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding the ESI or documents is resolved. In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement by the parties.

 c. The scope of discovery or the format of the production of ESI may be further limited, modified, or expanded by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

The last date of the completion of all discovery is *January 14, 2016*.

Maximum of 30 Interrogatories by each party to any other party.

Maximum of 30 Requests for Production for each party by any other party.

Maximum of 30 Requests for Admissions by each party to any other party.

Maximum of five (5) depositions by Plaintiff and five (5) by Defendant.

Each deposition (other than of the parties) is limited to maximum of four (4) hours unless extended by agreement of the parties.

Depositions of the parties will be governed by the default provision of Rule 26 and 30(d)(2).

Reports from retained experts under Rule 26(a)(2) are due:

from Plaintiff by *October 19, 2015*.
from Defendant by *November 19, 2015*.

Any evidentiary objections to another party's expert witness, whether directed to the witness' qualifications or to the foundation for the anticipated testimony, shall be filed within 45 *days of receipt of the expert witness report*. Counsel stipulate that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness' proponent.

Supplementation under Rule 26(e) due as information becomes available.

4. OTHER ITEMS:

The last date for Plaintiff to seek leave of court to join additional parties and to amend the pleadings is *August 1, 2015*

The last date for the Defendant to seek leave of court to join additional parties and to amend the pleadings is *September 1, 2015*

The last date for filing of all potentially dispositive motions is *February 19, 2016*. Plaintiff shall have twenty-eight (28) days in which to respond to Defendant's Motion for Summary Judgment. Defendant shall have fourteen (14) days to reply to Plaintiff's Response.

The timing of filing pre-trial disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by separate order.

The parties have agreed upon C. Erik Chickedantz, as mediator. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.

The case should be ready for jury trial by *June, 2016*, and at this time is expected to take approximately two (2) days.

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the bar. Counsel know that this includes an evidence projector and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information and training.

Dated: May 26, 2015                                  Dated: May 26, 2015

/s/ Christopher C. Myers                             /s/ Eric M. Wilkins
Christopher C. Myers, #10043-02                      Eric M. Wilkins 25869-02
CHRISTOPHER C. MYERS & ASSOCIATES                    Hunt Suedhoff Kalamaros, LLP
809 South Calhoun Street, Suite 400                  803 South Calhoun Street
Fort Wayne, IN  46802                                PO Box 11489
Telephone:  (260) 424-0600                           Fort Wayne, IN 46858-1489
Facsimile:  (260) 424-0712                           Telephone:  (260) 423-1311
Counsel for Plaintiff                                Facsimile:  (260) 424-5396
                                                     Counsel for Defendant